Kenneth R. OLSON, Jr., and Ann B.
Olson, Appellants,

v.

Robert J. LINDBERG and Marjorie A.
Lindberg, Respondents.

No. 49607.

Supreme Court of Minnesota.

Aug. 24, 1979.

Rehearing Denied Oct. 16, 1979.

C. Douglas Norberg, Duluth, for appellants.

Sidney E. Kaner, Duluth, for respondents.

Considered and decided by the court en banc without oral argument.

KELLY, Justice.

Plaintiffs Kenneth and Ann Olson appeal from the judgment entered on October 2, 1978, in the St. Louis County District Court, directing them to convey to defendants a specific parcel of property in exchange for which defendants were ordered to pay $1,000 as consideration for that real property and $1,500 as expert witness fees in the appraisal of the property. We affirm.

The parties to this action are owners of adjoining lands on Caribou Lake in St. Louis County. Defendants, intending to build a new permanent two-story dwelling upon their land, razed an existing older dwelling, consulted the county surveyor's office relative to the placement of the home, and on September 2, 1975, obtained a permit for the construction. After the construction was completed, it was found that the dwelling encroached upon plaintiffs' property as follows: approximately 2 feet 5 inches at the rear of the house, 4 feet at the chimney, and 3 feet 9 inches at the front of the house. Plaintiffs commenced the instant action for a mandatory injunction requiring defendants to relocate the structure, or, alternatively, for equitable damages.

In the exercise of its equitable jurisdiction, the district court found that the proper remedy would be to require plaintiffs to convey to defendants a portion of their property in exchange for which the defendants were required to pay the reasonable value of such land, $1,000, as well as expert witness fees in the amount of $1,500.

On appeal, plaintiffs argue that the court lacked authority to direct the sale of real property between the parties and that, in any event, the property directed conveyed exceeded that necessary to remedy the en-

croachment. We disagree. When faced with this difficult problem, the court reached an equitable result and attempted to minimize the loss to plaintiffs by awarding them an amount consistent with that suggested by the qualified appraiser. Additionally, the award for surveyors and expert witness fees, while in excess of the customary award, appears to have been an attempt by the court to further compensate plaintiffs. This resolution of an otherwise irreconcilable situation was wholly proper.

Affirmed.